IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01647-PAB-MJW

LINDA LOPEZ, surviving spouse,
THE ESTATE OF BASILIO GARCIA JR.,
BASILIO GARCIA, III, a surviving son,
FRANCESCA GARCIA, a surviving daughter, and
MICHELLE GARCIA MEDINA, a surviving daughter,

    Plaintiffs,

v.

BRETON SOUND OYSTER COMPANY, a Louisiana limited liability company,
BON SECOUR FISHERIES, INC., an Alabama corporation,
UNITED FOOD SERVICE INC., a Colorado corporation d/b/a SHAMROCK FOODS COMPANY, and
NEW CITY BUFFET INC., a Colorado corporation,

    Defendants.

_____

**ORDER DISMISSING CASE**
_____

The Court takes up this matter *sua sponte* on the Complaint filed by plaintiffs on July 11, 2009. *See* Compl. and Jury Demand [Docket No. 1] ("Compl."). The Complaint alleges that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *See* Compl. ¶ 10. The Complaint appears to allege that the plaintiffs are citizens of Colorado.[1]  *See* Compl. ¶ 1-5. The Complaint also

---

[1] The Complaint states that four of the five plaintiffs are "residents" of Colorado, with the fifth being an estate formed under the laws of Colorado. Generally, the citizenship of natural persons is determined by their state of domicile, not merely their residence. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). However, because no other assertions of citizenship are made and it is plaintiffs' duty to provide such information, the issue is academic since dismissal of this action is appropriate either way.

alleges that two of the defendants, United Food Service, Inc. and New City Buffet, Inc., are Colorado corporations with their principal places of business in Colorado, *see* Compl. ¶¶ 8-9.  Under relevant law, these corporate entities are citizens of Colorado as well.  *See* 28 U.S.C. § 1332(c)(1) (2006) (for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990).

A federal court must assure itself of its jurisdiction over a case, even if doing so requires *sua sponte* action.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter.").  Absent such assurance regarding its own jurisdiction, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").  It is also well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Section 1332(a) requires "complete diversity"; that is, no plaintiff can be the citizen of a state of which any defendant is also a citizen.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).  If complete diversity is lacking, and no other basis for jurisdiction exists, the court lacks the power to hear the case and the

case must be dismissed.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Laughlin*, 50 F.3d at 873-74.

In the present case, complete diversity does not exist because one or more of the plaintiffs and one or more of the defendants are citizens of the same state, Colorado.  Therefore, 28 U.S.C. § 1332(a) does not provide the Court with subject-matter jurisdiction over the action.  Because the face of the Complaint evinces no other basis for this Court's subject-matter jurisdiction over this case, the case cannot proceed in this Court and must be dismissed.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868))).  Accordingly, it is

**ORDERED** that this case is dismissed without prejudice due to this Court's lack of subject-matter jurisdiction.

DATED July 14, 2009.

BY THE COURT:

  s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge